Bldg Management Co. Inc., Petitioner-Landlord-Appellant, 
against
Jennifer Orelli, Calender No. 18-052 Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated October 19, 2016, which denied its motion for summary judgment of possession and, upon searching the record, dismissed the holdover summary proceeding and restored the matter to the calendar for resolution of tenant's rent overcharge counterclaim.




Per Curiam.
Order (Jack Stoller, J.), dated October 19, 2016, reversed, with $10 costs, petition reinstated, landlord's motion for summary judgment of possession granted and the counterclaim dismissed. Execution of the warrant of eviction shall be stayed for 60 days from service of a copy of this order with notice of entry.
Landlord's motion for summary judgment of possession, should have been granted. The undisputed evidence in the record shows that when tenant leased the apartment in 2009, all the circumstances permitting luxury decontrol were present and satisfied. Specifically, the J-51 benefits had expired (in 2008) and the legally permissible rent exceeded the luxury decontrol threshold. In the latter regard, the legal rent set forth in the last DHCR registration filed by landlord in 1998 ($1,532.50), plus the applicable guideline increases, as well as the increases for the three vacancies that occurred between 1998 and 2008, easily exceeded the $2,000 deregulation threshold then in effect.
Civil Court erred in concluding that the legal rent was frozen at $1,532.53, due to landlord's failure to file rent registrations after 1998. When the owner discontinued rent registrations with DHCR, it did so based on a pre-Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) and Gersten v 56 7th Ave. LLC (88 AD3d 189 [2011]) justifiable belief that the apartment was no longer subject to rent regulation and that such filings were unnecessary. As the Appellate Division, First Department, recently held, "[p]reventing the owner from charging what is otherwise a legal rent, solely based on the lack of registration filings during the period before Roberts and Gersten were decided, would unfairly penalize the owner for action that was taken in good faith, relying upon DHCR's own interpretation of the law, without furthering any legitimate purpose of the rent stabilization laws" (Matter of Park v New York State Div. of Hous. [*2]& Community Renewal, 150 AD3d 105, 113 [2017], lv dismissed 30 NY3d 961 [2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 06, 2018